# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

GERMAN O. RIVAS,                 Case No. 07-13377-RGM
                                         (Chapter 7)
      Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on a proposed reaffirmation agreement by and between the debtor and SunTrust Bank. The debtor is represented by counsel. Although the box at the top of page 1 of the reaffirmation agreement (Form 240A) states that no presumption of undue hardship arises, in fact, the reaffirmation agreement shows on its face that the presumption of undue hardship arises. Counsel checked the first paragraph on Part C but not the second paragraph. The first paragraph contains three certifications applicable to all reaffirmation agreements. 11 U.S.C. §524(k)(5)(A). The second paragraph – an opinion – is applicable only in those cases where a presumption of undue hardship arises. It states:

> A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor(s) is/are able to make the required payment.

11 U.S.C. §524(k)(5)(B). Because the presumption of undue hardship arose, as shown on the face of the reaffirmation agreement, and counsel did not opine the debtor can make the required payments, the reaffirmation agreement is not effective.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of 524(c) are satisfied. One subsection, §524(c)(2), requires that the debtor receive the disclosures described in §524(k) before or at the time the debtor

1

signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement contain certain provisions, one of which is Part C, "Certification of Debtor's Attorney". 11 U.S.C. §524(k)(5). The first provision is a certification applicable to all reaffirmation agreements. The second is the attorney's opinion (where there is a presumption of undue hardship) that the debtor can make the required payments. 11 U.S.C. §524(k)(5)(B). Section 524(m)(1) provides for the presumption of undue hardship. It states:

> [I]t shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt. 11 U.S.C. §524(m)(1).

In this case, the debtor completed Part D, "Debtor's Statement in Support of Reaffirmation Agreement" as required by 11 U.S.C. §524(k)(6)(A). In it, the debtor stated that his net pay is $2,750.00 a month and that his "actual current monthly expenses" are $2,622.00, which leaves $128.00 to make the required payment on the reaffirmed debt. However, the repayment schedule states that the monthly payment is $512.29. The difference between the debtor's monthly income and current monthly expenses, $128.00, is less than the $512.29 required each month under the reaffirmation agreement to pay this debt. Thus, the presumption of undue hardship arose. Debtor's counsel should have checked the presumption box at the top of page 1 of the reaffirmation agreement, but checked the box that states no presumption of undue hardship arose. The checking of the box is not determinative where, as here, the reaffirmation agreement shows on its face that a presumption of undue hardship arises. Because the presumption of undue hardship arose, debtor's counsel must check the second box on Part C, "Certification of Debtor's Attorney", if the reaffirmation agreement is to be effective. In doing so, he is offering his opinion that the debtor,

notwithstanding the presumption of undue hardship, is able to make the required payments.

The debtor explained in his statement in support of the reaffirmation agreement that his brother will be making the payments on the car. While this may be a sufficient explanation of how a debtor who has insufficient monthly income to make the required monthly payment will be able to comply with the reaffirmation agreement and may constitute the basis for the attorney to opine that the debtor is able to make the required payments, counsel must still reach that conclusion and must give his opinion by completing Part C. *See In re Gonzales*, (Bankr.E.D.Va. Feb. 11, 2008) 2008 WL 376266. In this case, debtor's counsel did not give his opinion that the debtor was able to make the required payments.

Since §524(k)(5)(B) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

Alexandria, Virginia
March 3, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

John D. Sawyer
H. Jason Gold

14048